UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INGENIOSPEC, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                Defendants. | Case No.  2:24-cv-00819<br><br>**Complaint for Patent Infringement**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff IngenioSpec, LLC ("IngenioSpec") files this complaint against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants" or "Samsung") alleging infringement of U.S. Patent Nos. 8,112,104, 8,582,789, 11,488,618, 11,829,518, and 12,044,901. The Accused Products are wireless communication devices, wearable hearing devices, and/or hearing enhancement systems used, offered for sale, sold, and/or imported by Defendants to customers in the United States.

**INTRODUCTION**

1.      This complaint arises from Samsung's unlawful infringement of the following United States patents owned by Plaintiff, which generally relate to wireless communications devices, wearable hearing devices, and/or audio systems: United States Patent Nos. 8,112,104 ("'104 patent"), 8,582,789 ("'789 patent"), 11,488,618 ("'618 patent"), 11,829,518 ("'518 patent"), and 12,044,901 ("'901 patent") (collectively, the "Asserted Patents").

**PLAINTIFF INGENIOSPEC**

2.     Plaintiff IngenioSpec is a corporation organized and existing under the laws of the state of California, with its principal place of business at 4010 Moorpark Avenue, Suite 211, San Jose, California 95117.

3.     IngenioSpec has pioneered innovations in wearable electronics for over a decade. The cutting-edge wearable technology developed by IngenioSpec seamlessly integrates electronics into the wearable electronics for a variety of useful purposes that improve consumers' everyday lives. The discreet, stylish wearable products combine ease-of-use with compact, lightweight electronics.

4.     IngenioSpec's electronics in head-worn wearable products provide elegant solutions, such as sensing harmful ultraviolet rays, tracking health indicators, taking pictures, recording video, enabling hands-free phone conversations, enhancing hearing, and playing music and videos.

5.     IngenioSpec's head-worn wearable products include electronic headsets, such as wireless earbuds. These earbuds allow a user to control operations simply by voice based on voice recognition, or swiping or pressing the earbuds using touch control. These earbuds can offer dynamic noise cancellation. The life of the re-chargeable battery can be improved by sensing whether an earbud is being worn, with power utilization adjusted accordingly. If the earbud's battery level is low, the earbud can be easily re-charged by placing it into a charging case. The earbuds can be used in conjunction with a device, such as a mobile phone.

6.     IngenioSpec's technology can also enable users to send and receive text messages, answer a call, or manage a notification. Further, text messages can be converted to voice, and voice messages can be converted to text, to enhance hands-free operations.

7. IngenioSpec's technology can also promote user health. For example, the technology includes hearing assistance features to address mild and moderate hearing loss, by dynamically adjusting audio output from an earbud according to its user's hearing profile. The headset can also be used to measure its user's heart rate and monitor the user's activity. During workouts, the headset can track and send your heart rate with exercise data to a mobile phone to promote your health.

8. IngenioSpec has a portfolio of more than sixty patents covering its head-worn wearable inventions, and has already licensed a portion of its patented technology to more than a dozen corporations.

## THE ASSERTED PATENTS

9. IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,829,518, titled "Head-Worn Device with Connection Region," and issued November 28, 2023. A copy of the '518 patent is attached as **Exhibit 1**.

10. IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 12,044,901, titled "System For Charging Embedded Battery in Wireless Head-Worn Personal Electronic Apparatus," and issued July 23, 2024. A copy of the '901 patent is attached as **Exhibit 2**.

11. IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,112,104, titled "Adaptable Communication Techniques For Electronic Devices," and issued February 7, 2012. A copy of the '104 patent is attached as **Exhibit 3**.

12. IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,582,789, titled "Hearing Enhancement Systems," and issued November 12, 2013. A copy of the '789 patent is attached as **Exhibit 4**.

13. IngenioSpec is the owner of all right, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,488,618, titled "Hearing Enhancement Methods and Systems," and issued November 1, 2022. A copy of the '618 patent is attached as **Exhibit 5**.

## DEFENDANTS

14. On information and belief, SEC is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

15. On information and belief, SEA is corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office located at 6625 Excellence Way, Plano, Texas 75023. SEA is a wholly-owned subsidiary of SEC and distributes certain Samsung consumer electronics products, including the Accused Products, in the United States.

## JURISDICTION AND VENUE

16. This action arises under the patent laws of the United States, Title 35 of the United States Code.

17. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within the State of Texas, including in this District, giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents, including without limitation the Samsung wireless devices accused of infringement in this case, and inducing others to do the same.

19. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). SEC is a foreign corporation, and venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). SEA has committed and continues to commit acts of infringement in this District, and has regular and established places of business in this District, including as set forth above.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,829,518

20. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21. The claims of the '518 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '518 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

22. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain wireless electronic devices configured to produce audio output for a user and configured to removably couple to conductive contacts of a counterpart connector external to and separate from the wireless electronic device, including without limitation the Samsung Galaxy Buds2 Pro (collectively, "'518 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '518 patent. Identification of additional '518 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

23. On information and belief, the '518 Accused Products satisfy all claim limitations of one or more claims of the '518 patent, including claim 1, as set forth in the preliminary infringement claim chart attached as **Exhibit 6**.

24. Samsung also knowingly and intentionally induces infringement of one or more claims of the '518 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Samsung a letter conveying Plaintiff's belief that Samsung products practiced Plaintiff's patents and required a license. In addition, through at least the filing and service of this Complaint, Samsung has knowledge of the '518 patent and the infringing nature of the '518 Accused Products. Despite this knowledge of the '518 patent, Samsung continues to make, use, sell, and offer for sale the '518 Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the '518 Accused Products in ways that directly infringe the '518 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

25. By making, using, offering for sale, selling and/or importing into the United States the '518 Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '518 patent pursuant to 35 U.S.C. § 271.

26. As a result of Samsung's infringement of the '518 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

27. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '518 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

28. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '518 patent through making, using, selling, offering to sell and/or importing '518 Accused Products with knowledge that these activities infringe the '518 patent. Plaintiff is therefore entitled to enhanced damages.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 12,044,901

29. Plaintiff realleges and incorporate by reference the foregoing paragraphs as if fully set forth herein.

30. The claims of the '901 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '901 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to

understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

31. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain personal electronic apparatus configured to be worn by a user including a speaker, a touch sensitive surface, a rechargeable battery, electronic circuitry, and at least one conductive element partially exposed to enable interconnection, including without limitation the Samsung Galaxy Buds2 Pro (collectively, "'901 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '901 patent. Identification of additional '901 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

32. On information and belief, the '901 Accused Products satisfy all claim limitations of one or more claims of the '901 patent, including claim 1, as set forth in the preliminary infringement claim chart attached as **Exhibit 7**.

33. Samsung also knowingly and intentionally induces infringement of one or more claims of the '901 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Samsung a letter conveying Plaintiff's belief that Samsung products practiced Plaintiff's patents and required a license. And through at least the filing and service of this Complaint, Samsung has had knowledge of the '901 patent and the infringing nature of the '901 Accused Products. Despite this knowledge of the '901 patent, Samsung continues to make, use, sell, and offer for sale the '901 Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the '901 Accused Products in

ways that directly infringe the '901 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

34. By making, using, offering for sale, selling and/or importing into the United States the '901 Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '901 patent pursuant to 35 U.S.C. § 271.

35. As a result of Samsung's infringement of the '901 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

36. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '901 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

37. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '901 patent through making, using, selling, offering to sell and/or importing '901 Accused Products with knowledge that these activities infringe the '901 patent. Plaintiff is therefore entitled to enhanced damages.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,112,104

38. Plaintiff realleges and incorporate by reference the foregoing paragraphs as if fully set forth herein.

39. The claims of the '104 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to

significantly more than a patent on a patent ineligible concept itself. The written description of the '104 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

40. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports wireless communication systems including a wireless headset and a wireless communication device capable of converting incoming text to audio, recording a reply audio message, and converting that reply audio message into a reply text message, including without limitation the Samsung Galaxy Buds2 Pro and Samsung Galaxy S24 Ultra (collectively, "'104 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '104 patent. Identification of additional '104 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

41. On information and belief, the '104 Accused Products satisfy all claim limitations of one or more claims of the '104 patent, including claim 1, as set forth in the preliminary infringement claim chart attached as **Exhibit 8**.

42. Samsung also knowingly and intentionally induces infringement of one or more claims of the '104 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Samsung a letter conveying Plaintiff's belief that Samsung products practiced Plaintiff's patents and required a license. And through at least the filing and service of this Complaint, Samsung has had knowledge of the '104 patent and the infringing nature of the '104 Accused Products. Despite this knowledge of the '104 patent, Samsung continues to make, use, sell, and offer for sale the '104 Accused Products, and to actively encourage and instruct customers

and other companies to make, use, sell, import, and offer for sale the '104 Accused Products in ways that directly infringe the '104 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

43. By making, using, offering for sale, selling and/or importing into the United States the '104 Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '104 patent pursuant to 35 U.S.C. § 271.

44. As a result of Samsung's infringement of the '104 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

45. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '104 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

46. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '104 patent through making, using, selling, offering to sell and/or importing '104 Accused Products with knowledge that these activities infringe the '104 patent. Plaintiff is therefore entitled to enhanced damages.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,582,789

47. Plaintiff realleges and incorporate by reference the foregoing paragraphs as if fully set forth herein.

48. The claims of the '789 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas

and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '789 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

49. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports hearing enhancement systems including an audio system configured to receive input signals for broadcasting, and a wireless receiver configured to wirelessly receive up-converted signals and down-convert those signals and modify them based on a at least one hearing characteristic of the user, including without limitation the Samsung Galaxy Buds2 Pro and Samsung Galaxy S24 Ultra (collectively, "'789 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '789 patent. Identification of additional '789 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

50. On information and belief, the '789 Accused Products satisfy all claim limitations of one or more claims of the '789 patent, including claim 1, as set forth in the preliminary infringement claim chart attached as **Exhibit 9**.

51. Samsung also knowingly and intentionally induces infringement of one or more claims of the '789 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Samsung a letter conveying Plaintiff's belief that Samsung products practiced Plaintiff's patents and required a license. And through at least the filing and service of this Complaint, Samsung has had knowledge of the '789 patent and the infringing nature of the '789

Accused Products. Despite this knowledge of the '789 patent, Samsung continues to make, use, sell, and offer for sale the '789 Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the '789 Accused Products in ways that directly infringe the '789 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

52. By making, using, offering for sale, selling and/or importing into the United States the '789 Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '789 patent pursuant to 35 U.S.C. § 271.

53. As a result of Samsung's infringement of the '789 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

54. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '789 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

55. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '789 patent through making, using, selling, offering to sell and/or importing '789 Accused Products with knowledge that these activities infringe the '789 patent. Plaintiff is therefore entitled to enhanced damages.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 11,488,618

56. Plaintiff realleges and incorporate by reference the foregoing paragraphs as if fully set forth herein.

57. The claims of the '618 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '618 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

58. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports hearing enhancement systems including a first wireless communication component, up-convert circuitry, and a microphone; and a second wireless communication components, down-convert circuitry, and a speaker, including without limitation the Samsung Galaxy Buds2 Pro and Samsung Galaxy S24 Ultra (collectively, "'618 Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '618 patent. Identification of additional '618 Accused Products may also be provided in infringement contentions disclosed pursuant to the Court's scheduling order.

59. On information and belief, the '618 Accused Products satisfy all claim limitations of one or more claims of the '618 patent, including claim 1, as set forth in the preliminary infringement claim chart attached as **Exhibit 10**.

60. Samsung also knowingly and intentionally induces infringement of one or more claims of the '618 patent in violation of 35 U.S.C. § 271(b). For example, on June 20, 2024, Plaintiff sent Samsung a letter conveying Plaintiff's belief that Samsung products practiced Plaintiff's patents and required a license. And through at least the filing and service of this

Complaint, Samsung has had knowledge of the '618 patent and the infringing nature of the '618 Accused Products. Despite this knowledge of the '618 patent, Samsung continues to make, use, sell, and offer for sale the '618 Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the '618 Accused Products in ways that directly infringe the '618 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

61. By making, using, offering for sale, selling and/or importing into the United States the '618 Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '618 patent pursuant to 35 U.S.C. § 271.

62. As a result of Samsung's infringement of the '618 patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

63. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '618 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

64. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '618 patent through making, using, selling, offering to sell and/or importing '618 Accused Products with knowledge that these activities infringe the '618 patent. Plaintiff is therefore entitled to enhanced damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter:

      a.      A judgment in favor of Plaintiff that Samsung has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents;

      b.      A judgment and order enjoining Samsung and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, from infringing the Asserted Patents;

      c.      A judgment and order requiring Samsung to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Samsung's infringement of the Asserted Patents;

      d.      A judgment and order requiring Samsung to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

      e.      A judgment and order finding that Samsung has willfully infringed the Asserted Patents and requiring Samsung to pay enhanced damages pursuant to 35 U.S.C. § 284;

      f.      A judgment and order requiring Samsung to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

      g.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Samsung; and

      h.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.


Dated:  October 7, 2024                                  Respectfully submitted,

/s/ *Marc A. Fenster*

**RUSS AUGUST & KABAT**
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
Email: bwang@raklaw.com
Shani Williams, SBN 274509
Email: swilliams@raklaw.com
Daniel Kolko, SBN 341680
Email: dkolko@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Matthew D. Aichele, VA 77821
Email: maichele@raklaw.com
800 Maine Ave SW, Suite 200
Washington, DC 20024
Telephone: (202) 664-0623

*Attorneys for Plaintiff IngenioSpec, LLC*